### WM. RAMSEY v. THE STATE.

*No. 1298.   Decided October 28th, 1896.*

#### Violation of Local Option—Recognizance on Appeal.

A recognizance on appeal, from a conviction for a violation of local option, is fatally defective if it fails to recite the elements of the offense as charged in the indictment, and the selling of intoxicating liquors in the precinct where local option was in effect.

APPEAL from the County Court of Bowie:   Tried below before Hon. JOHN J. KING.

Appeal from a conviction for violation of local option; penalty, a fine of $25 and twenty days' imprisonment in the county jail.

The Assistant Attorney-General moved to dismiss the appeal because the recognizance recites no offense.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant is charged with selling intoxicating liquors in a local option precinct. The recognizance recites that he "stands charged in this court by bill of indictment with selling intoxicating liquors, and who has been convicted of said offense in this court," etc. This recognizance, in order to be a valid undertaking in law, or such as to attach the jurisdiction of this court on appeal, should have further recited those elements of the offense charged in the indictment, to-wit: selling intoxicating liquors in a precinct where local option was in effect. To state it in another form, the recognizance must state the offense of which the appellant stands indicted. If it is an offense eo nomine, it is sufficient to so recite. If not, it must recite all of the constituent elements of such offense in the recognizance. This has not been done, and it is fatally defective, for which reason the jurisdiction of this court has not attached, and the appeal is dismissed.

HURT, Presiding Judge, absent.        *Dismissed.*